# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LIZANDRO DIAZ ROMERO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 07 C 1349 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) Wayne R. Andersen |
| Respondent. | ) District Judge |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the petition of Lizandro Diaz Romero to vacate or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the petition is denied.

## BACKGROUND

Petitioner is a Mexican citizen and was born in Mexico. He first entered the United States illegally in or about 1985. Petitioner was given permanent legal resident status in or about 1996. On April 21, 2000, Petitioner was convicted in the Circuit Court of Cook County, Illinois of two separate counts of the manufacture, delivery or possession of a controlled substance. Those convictions constitute aggravated felonies for the purpose of Title 8, United States Code, Section 1326(b)(2).

Following those convictions, on or about December 21, 2001, Petitioner was deported from the United States. Petitioner was warned of the potential penalties for attempting to reenter the United States without the prior consent of the Attorney General of the United States. Petitioner subsequently reentered the United States and was found on January 10, 2004 in Rolling Meadows, Illinois, following a routine traffic stop. At no time had the Petitioner sought

or obtained the consent of the Attorney General of the United States for reapplication for admission to the United States.

Petitioner was subsequently indicted under 8 U.S.C. §§ 1326(a) and 1326(b)(2) and pled guilty on June 23, 2004. He was sentenced on February 10, 2005. Petitioner's appeal was dismissed by the Seventh Circuit on September 9, 2005. Petitioner filed the instant petition to vacate or correct his sentence on March 9, 2007.

## DISCUSSION

### I. Petitioner's § 2255 Petition is Time-Barred

Congress has established a one-year period of limitation governing motions for collateral relief under 28 U.S.C. § 2255. The limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United Sates is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The claims made by Petitioner do not fall into any of the latter three categories. Petitioner does not rely on a new Constitutional or statutory right, does not allege an impediment, and does not allege any new facts to support his motion. Thus, the timeliness of the motion is gauged by the first criterion, the date the judgment became final. Petitioner's judgment of conviction was entered by the Court on February 10, 2005. Petitioner's appeal was dismissed by the Seventh Circuit on September 9, 2005. The Petitioner did not file a petition for *certiorari*. Thus, at the

latest, Petitioner Romero's judgment of conviction became final when the period for filing *a certiorari* petition expired, ninety days following the Seventh Circuit's dismissal, or in December 2005. *See Clay v. United States,* 537 U.S. 522 (2003). Petitioner Romero's petition was filed on March 9, 2007, in excess of the one-year limitation period. Consequently, Petitioner Romero's § 2255 petition is denied as untimely.

## CONCLUSION

For the foregoing reasons, Petitioner's petition to vacate or correct sentence pursuant to 28 U.S.C. § 2255 is denied. This case is hereby terminated.

This is a final and appealable order.

It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated: _October 23, 2007_____